IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

AUNDRA MILLER, ET AL.,     PLAINTIFFS

v.     CIVIL ACTION NO. 2:04CV238-WAP-SAA

LOWE'S HOME CENTERS, INC., ET AL.,     DEFENDANTS

## REPORT AND RECOMMENDATION

Before the court is defendants' motion to dismiss the claims of *pro se* plaintiff Clifton Goodloe for failure to prosecute and for failure to attend his deposition in the above-styled action. On February 24, 2005, defendants noticed Goodloe's deposition for March 10, 2005, and counsel confirmed the deposition by telephone and followed up with correspondence dated March 2, 2005. Defendants' counsel flew from Chicago to Mississippi for the deposition, but Goodloe failed to appear at the appointed time.

Rule 37(d) of the Federal Rules of Civil Procedure provides sanctions, including judgment against the disobedient party, for failure of the party to appear for deposition after having been served with proper notice. Plaintiff Goodloe does not dispute that he was properly noticed and aware of the scheduled deposition; rather, he contends his failure to attend was not intentional, and he later made repeated attempts to reschedule the deposition. Moreover, FED. R. CIV. P. 41(b) provides, in part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claims against the defendant." Defendants point out that the majority of the pleadings from plaintiffs in this case have been submitted with the signature of plaintiff Aundra Miller only, and Miller is

prohibited from "practicing law" on behalf of any other person, even an unrepresented co-plaintiff.[1]

The undersigned recommends that the motion to dismiss Goodloe's claims be denied at this point, but that Goodloe should be required to pay the reasonable expenses incurred by defendant, including attorneys' fees, because of Goodloe's failure to attend the deposition. FED. R. CIV. P. 37(d). If Goodloe fails to comply with this order, the undersigned will consider a renewed motion to dismiss from the defendants. Moreover, Goodloe's continued failure to participate actively in the prosecution of his claims may also result in dismissal of his claims pursuant to FED. R. CIV. P. 41(b).

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure to object to these findings and recommendations. Written objections must be filed within ten (10) days of the date of this report and recommendation, and

> a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . .

*Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th

---

[1] "It is unlawful for any person to engage in the practice of law in this state who has not been licensed according to law." MISS. CODE ANN. §73-3-55 (1991). The "practice of law" under the laws of the State of Mississippi includes but is not limited to "the drafting or selection of documents, the giving of advice in regard to them, and the using of an informed or trained discretion in the drafting of documents to meet the needs of the person being served." *Darby v. Mississippi State Board of Bar Admissions*, 185 So.2d 684, 687 (Miss. 1966). This "prohibition against others than members of the bar of the State of Mississippi from engaging in the practice of law is not for the protection of the lawyer against lay competition, but is for the protection of the public." *Darby*, 185 So.2d at 687; *see Webber v. Garza*, 570 F.2d 511 (5th Cir. 1978).

Cir. 1994) *cert. denied*, 513 U.S. 1178, 115 S. Ct. 1163, 130 L. Ed. 2d 1119 (1995).

Respectfully submitted, this the 20th day of April 2005.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE