# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**AUNDRA MILLER and CLIFTON GOODLOE,**  **PLAINTIFFS**

**v.**  **CIVIL ACTION NO. 2:04CV238-P-A**

**LOWE'S HOME CENTERS, INC., ET AL.,**  **DEFENDANTS**

## ORDER

This matter comes before the court upon Defendants' Motion to Have Their Motion for Summary Judgment Deemed Admitted [65-1]. Regarding same, the court finds as follows, to-wit:

The defendants filed their motion for summary judgment on July 14, 2005. The deadline by which to respond to the motion was August 1, 2005 (allowing three extra business days for mail). Neither plaintiff filed responses on time, nor did either of them contact the court to extend the deadline.

On August 31, 2005, Plaintiff Aundra Miller filed a response to the motion for summary judgment – a month after the deadline.

On September 2, 2005, one month after the deadline to file his response, Clifton Goodloe faxed a note to the court which states in its entirety:

> To Courts:
> I am not responding to Lowe's paperwork concerning case # 2:04CV238-P-A
> for dismissal, due to Hurricane Katrina. I have no lights, phone or means of
> responding.

Plaintiff Goodloe's address is 365-A Tithelo Road, Canton, MS 39046. It is unknown to this court the affect the August 29, 2005 hurricane had on Canton, Mississippi. However, the court is certain

that Canton is located north of Jackson and was not seriously damaged as is the case with the southern portion of the state. Regardless of the hurricane, Plaintiff Goodloe missed his deadline to respond to the motion for summary judgment by one month.

It is obvious that litigants must obey the standard time limits imposed by the court. Local Rule 7.2(D) required the plaintiffs to reply to the motion for summary judgment within ten days of the service of the motions. Customarily, the court adds three business days to allow for mail service. Neither plaintiff complied with this rule. Local Rule 7.2(c)(3) requires a party to notify the court if it intends not to respond. Local Rule 7.2(c)(2) allow the court to grant a motion to which no response was filed. Federal Rule of Civil Procedure 56(e) allows the court to grant a motion for summary judgment if no response is filed.

Accordingly, summary judgment should be granted with regard to Plaintiff Goodloe because, regardless of the hurricane, he has filed no response. He inexplicably missed the deadline by a month before the hurricane even occurred.

Unlike Goodloe, Miller filed a response. However, it too was a month late. At no point did Miller ask the court for additional time to respond. Because these matters are discretionary, and because the litigants are *pro se*, the court is of the opinion that it would be prudent to allow consideration of Miller's response.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Have Their Motion for Summary Judgment Deemed Admitted [65-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted as to Plaintiff Clifton Goodloe; therefore, all of his claims are **DISMISSED WITH PREJUDICE**; and

(3) The motion is denied as to Plaintiff Aundra Miller.

**SO ORDERED** this the 14th day of September, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE